Ida WALKER *v*. William F. EVERETT,
Director of Labor

E 82-213                                   648 S.W.2d 496

Court of Appeals of Arkansas
Opinion delivered March 23, 1983

*Pamela D. Baxter,* for appellant.

*Bruce H. Bokony,* for appellee.

LAWSON CLONINGER, Judge. This is an appeal from a decision of the Arkansas Board of Review which held the claimant, Ida Walker, ineligible to receive extended benefits under the provisions of Ark. Stat. Ann. § 81-1124 (k) (1) (B) (Supp. 1981), in that she failed to engage in a systematic and sustained effort to obtain work during the week ending March 20, 1982.

There is substantial evidence to support the decision of the Board and we affirm.

On the form the claimant filed with the Agency for the week ending March 20, 1982, the claimant listed a single new employer contact with the four others listed being repeated contacts. Upon her appeal to the Appeal Tribunal, the claimant submitted a calendar for the month of March upon which she had recorded employer contacts. The contacts listed on the calendar did not coincide with the contacts listed on the form submitted to the Agency.

It was the prerogative of the Board of Review to accept the original list filed with the Agency as the more credible evidence. Four of the five employers on the original list had been contacted only two weeks prior to the week ending March 20, according to the calendar kept by the claimant, and there is no evidence that those employers encouraged her to make a later application. It is noteworthy, too, that the single new contact named on the original list, Shelby County, Tennessee School District, is not listed as a contact during the entire month of March on the calendar kept by the claimant.

We hold that there is substantial evidence to support the finding of the Board that the claimant failed to make a systematic and sustained effort to obtain work for the week ending March 20, 1982.

Affirmed.

COOPER and GLAZE, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent. I am unable to find any material distinction between the facts in the case at bar and the facts in *Dorn* v. *Everett,* 8 Ark. App. 45, 648 S.W.2d 502 (1983). In *Dorn,* we reversed and remanded, with directions to award benefits. I would do the same thing in the case at bar.

GLAZE, J., joins in this dissent.