John DORN *v.* William F. EVERETT, Director
of Labor, and EMPLOYMENT SECURITY DIVISION

E 82-223                                              648 S.W.2d 502

Court of Appeals of Arkansas
Opinion delivered March 23, 1983

46

*Baim, Baim, Gunti, Mouser & Bryant,* by: *Judith A.. DeSimone,* for appellant.

*Thelma Lorenzo,* for appellees.

DONALD L. CORBIN, Judge. John Dorn was disqualified from receiving extended unemployment compensation benefits under Section 20 (k) (1) (B) of the Arkansas Employment Security Law [Ark. Stat. Ann. § 81-1124 (k) (1) (B) (Supp. 1981)] which provides in part as follows:

Notwithstanding the provisions of subsection (b) of this section, an individual shall be ineligible for payment of extended benefits for any week of unemployment in his eligibility period if the Director finds that during such period: . . . (B) he failed to actively engage in seeking work as prescribed under paragraph (6).

Paragraph (6) provides as follows:

For the purpose of subparagraph (B) of paragraph (1) an individual shall be treated as actively engaged in seeking work during any week if . . . (A) The individual has engaged in a systematic and sustained effort to obtain work during such week, and (B) the individual furnishes tangible evidence that he has engaged in such effort during such week.

The decision of the Board of Review was based on the following findings of fact:

> The claimant stated on a written ESD-Ark-EB-2 form to the Agency that he had contacted four possible employers during the week ending March 27, 1982. Three of the employers contacted during that week had been previously contacted by the claimant the week before and only one of the contacts listed was a new one. The claimant stated that the reason he checked back with three employers, which were repeats, was because they had advised him to again contact them as they might have work for him. The claimant stated that he had contacted one other employer which was a new contact during this period, but he thought he was limited to four.

On appeal appellant argues the Board of Review's decision, that he did not conduct an active search for work during the week ending March 27, 1982, is not supported by substantial evidence. In this case the question is, as a matter of law, what consideration and weight will be given "revisits" to formerly contacted employers in determining whether appellant has conducted a systematic and sustained search for work. Appellant points out that a definition of the phrase "systematic and sustained effort to obtain work" has not yet been spelled out and urges this court to set forth a definition within the framework of this case. We must decline to do so. It is not possible to set forth a precise definition of what constitutes a "systematic and sustained effort to obtain work." The facts of each case must be examined to determine if appellant has met the requirements of the statute.

Appellant contends that, in looking at the facts contained in the record, he has complied with the statute and should be awarded benefits. He argues that he had provided the Employment Security Division with tangible evidence of his job searches by filling in the "Report of Work Seeking Activities" each week and, in all cases, he followed, as best he could, the instructions which were given to him by the agency. He testified that he revisited the former contacts

because he thought that his best opportunity for employment lay with them. In two cases, appellant returned at the specific request of the potential employers. In the third case, appellant revisited an employer who, to the best of appellant's knowledge, had an available position due to having discharged another employee. Appellant entered into the record a copy of a "Report of Work Seeking Activities" and points out that there are four available "slots" in which to list contacts made to employers; there is no specific instruction that it is a requirement that all four slots be filled out; there is no instruction to list any calls in addition to the basic four; and there is no specification of any kind regarding re-visits to employers.

We believe appellant has met the burden imposed by Section 20 (k) (1) (B) and the record lacks substantial evidence to support the Board of Review's decision in this case. Appellant presented sworn affidavits from two of the three job contacts in question which stated he had been told by them to call back because they might have job openings. He completed the form required by the Employment Security Division, filling in all four slots available. There was no indication on the form or by anyone at the agency that former contacts would not be considered in determining whether appellant was conducting a "systematic and sustained search for work."

We reverse and remand the decision of the Board of Review.